PAUL J. URBAN AND JOHN TERPAY, PROSECUTORS, v. THE BOARD OF ADJUSTMENT OF THE TOWNSHIP OF HILLSIDE ET AL., RESPONDENTS.

Submitted October 14, 1927—Decided June 19, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutors, *William A. Brooks* and *Charles Jones.*

For the respondents, *Whittemore & McLean.*

PER CURIAM.

This case is before this court on a writ of *certiorari* allowed to review the decision of the board of adjustment of the township of Hillside, in the county of Union. The prosecutors own a tract of land facing on Bailey avenue, which runs approximately at right angles to North Broad street, which is the main thoroughfare from Newark to Elizabeth. The lot has a frontage of one hundred feet and a depth of some one hundred and ten feet to one hundred and fifty feet. The prosecutors submitted plans and specifications in due form for a three-story brick apartment house to be erected upon their premises. The plans and specifications had been duly approved by the tenement house commission. They also conformed to the building code of the township of Hillside. On April 14th, 1927, a permit was issued to the prosecutors to build said apartment house. Contracts were drawn and entered into for the construction of the building. On April 26th, 1927, the township committee revoked the permit and referred the matter to the board of adjustment. The prose-

cutors then appeared before the board of adjustment and argued the matter of the issuance of a building permit without any reservation of their rights under the granted permit. The brief of the prosecutors states to the contrary, but the stipulation of facts does not show that there was any reservation of rights made by the prosecutors at the time they appeared before the board of adjustment under the granted permit. The board of adjustment refused to grant a permit for an apartment house, as the lands of the prosecutors were in zone "A" under a zoning ordinance of the township. Under the restrictions with reference to zone "A" only one-family houses could be erected.

The prosecutors now contend that a permit having once been given and acted upon it cannot be revoked. If the matter rested here and proper objections had been made before the board of adjustment there might be some merit in this contention. The prosecutors, however, filed another application for a permit with the building inspector on July 27th, 1927. By the filing of this application the prosecutors, in our opinion, waived any question as to their right to retain the advantage gained by them by the issue of the original permit. The application of July 27th, 1927, was refused by the building inspector. The prosecutor appealed to the board of adjustment. A hearing was had. The board refused the permit. It is this action of the board which is brought up under the writ of *certiorari*.

The constitutional amendment respecting zoning, which was approved and ratified on September 20th, 1927, and took effect October 18th, 1927, and the statute of April 3d, 1928, known as chapter 274 of the laws of 1928, have been reviewed in a recent decision of this court in the case of *Koplin, relator,* v. *Village of South Orange et al.,* 6 *N. J. Mis. R.* 489. In the present case we consider that in the proceedings before the board of adjustment there was no testimony to the effect that the provisions of the ordinance are unreasonable. The presumption is that they are reasonable. *Burg* v. *Ackerman,* 5 *Id.* 96. There is also a presumption that the action of the board of adjustment was right. *Silvester* v. *Princeton,* 5 *N. J. Adv. R.* 1801. This court will not disturb the action of the

board of adjustment unless its action is shown by evidence to be wrong. *Oxford Construction Co.* v. *Orange,* 4 *N. J. Mis. R.* 515.

The decision of the board of adjustment of the township of Hillside is accordingly affirmed. The writ of *certiorari* will be dismissed, without costs.